UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :

THE BANK OF NEW YORK, as Indenture    :
Trustee,
                               :

            Plaintiff,            :

                               :    07 Civ. 4659 (SAS)
     v.                        :

                               :    <u>ANSWER</u>
TYCO INTERNATIONAL GROUP S.A. and  :
TYCO INTERNATIONAL LTD.,
                               :

           Defendants.       :

                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendants Tyco International Group S.A. ("TIGSA") and Tyco International Ltd.

("Tyco") (collectively, "Defendants") by their undersigned attorneys, for their Answer to the

Complaint, state as follows:

       1.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1, except admit that Plaintiff has refused to execute the

proposed indenture supplements tendered to it by Defendants.

       2.      Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2, except admit that Plaintiff's first cause of action purports

to seek a declaratory judgment to determine whether execution of the proposed indenture

supplements is permitted or authorized by the Indentures, and admit that Defendants have

tendered proposed indenture supplements to Plaintiff and requested that Plaintiff execute them.

Defendants further aver that, insofar as Paragraph 2 and other paragraphs of the Complaint make

allegations concerning what position "the Noteholders" have taken, Plaintiff has refused requests

that Plaintiff share with Defendants the contents of communications between "the Noteholders" and Plaintiff.

3.      Defendants admit that Plaintiff's second cause of action purports to seek a judgment declaring that TIGSA is liable to pay and reimburse the Trustee of all its reasonable expenses incurred in resolving the proper construction of the Indentures, including any attorneys' fees and expenses.

4.      Defendants deny knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5, except admit that TIGSA is organized under the laws of Luxembourg, and aver that its principal place of business is located at 58, Rue Charles Martel, L-2134, Luxembourg, Luxembourg.

6.      Defendants admit that Tyco International is organized under the laws of Bermuda, with its principal place of business located at 90 Pitts Bay Road, Pembroke HM 08, Bermuda.

7.      Paragraph 7 contains conclusions of law, not allegations of fact, to which no response is required.  To the extent Paragraph 7 contains allegations of fact, those allegations are denied.

8.      Paragraph 8 contains conclusions of law, not allegations of fact, to which no response is required.  To the extent Paragraph 8 contains allegations of fact, those allegations are denied.

9.      Paragraph 9 contains conclusions of law, not allegations of fact, to which no response is required, except to the extent Paragraph 9 purports to assert facts about the Indenture dated as of June 9, 1998 (the "1998 Indenture") or the Indenture dated as of November 12, 2003 (the "2003 Indenture") (collectively, the "Indentures"), as to which Defendants deny that a full,

complete and accurate characterization of the Indentures is set forth and respectfully refer the Court to the Indentures for their contents.

10.    For its response to Paragraph 10, Defendants respectfully refer the Court to the 1998 Indenture for its contents. Defendants further admit that TIGSA issued certain notes pursuant to the 1998 Indenture, with Tyco as Guarantor, in the approximate aggregate amount of $4,600,000,000 (along with additional notes that had been issued but were no longer outstanding at the time of the relevant events herein).

11.    For its response to Paragraph 11, Defendants respectfully refer the Court to the 2003 Indenture for its contents. Defendants further admit that TIGSA issued certain notes pursuant to the 2003 Indenture, with Tyco as Guarantor, in the approximate aggregate amount of $1,000,000,000.

12.    Paragraph 12 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants respectfully refer the Court to the Indentures for their contents.

13.    Defendants deny the allegations in Paragraph 13, except respectfully refer the Court to the Offer to Purchase and Consent Solicitation dated April 27, 2007 (the "Tender Offer and Consent Solicitation") for its contents, and deny knowledge or information sufficient to form a belief as to what "the Noteholders" allege.

14.    Defendants deny the allegations in Paragraph 14, except deny knowledge or information sufficient to form a belief as to what "the Noteholders" assert.

15.    Defendants deny the allegations in Paragraph 15, except deny knowledge or information sufficient to form a belief as to what "the Noteholders" assert.

16.    Defendants deny the allegations contained in Paragraph 16, except admit that TIGSA initiated a tender offer and consent solicitation under which it offered to purchase any or all of the outstanding Notes, and respectfully refer the Court to the Tender Offer and Consent Solicitation for its terms.

17.    Defendants deny the allegations contained in Paragraph 17, except admit that, on May 9, 2007, AIG Global Investment Corp., which purported to hold certain notes issued by TIGSA, commenced an action seeking a declaratory judgment and injunctive relief relating to the "Proposed Separation," and that the action was voluntarily dismissed by the plaintiff on May 25, 2007.

18.    Defendants admit the allegations contained in Paragraph 18.

19.    Defendants admit the allegations contained in Paragraph 19.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.    Defendants deny the allegations contained in Paragraph 21, except admit that they intend to implement the "Proposed Separation."

22.    Defendants admit the allegations in Paragraph 22.

23.    Defendants admit the allegations in Paragraph 23.

24.    For its response to Paragraph 24, Defendants respectfully refer the Court to the relevant proposed supplemental indentures.

25.    For its response to Paragraph 25, Defendants respectfully refer the Court to the relevant proposed supplemental indentures.

26.     Defendants deny the allegations contained in Paragraph 26, except admit that they have informed Plaintiff that they intend to proceed with the Proposed Separation, and aver that they have requested that Plaintiff execute the proposed supplemental indentures.

27.     Defendants deny knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28, except deny knowledge or information sufficient to form a belief as to what "the Noteholders" assert.

29.     For its response to Paragraph 29, Defendants incorporate by reference Paragraphs 1 through 28 of this Answer.

30.     Paragraph 30 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 30.

31.     Paragraph 31 contains legal conclusions to which no response is required.

32.     For its response to Paragraph 32, Defendants incorporate by reference Paragraphs 1 through 31 of this Answer.

33.     Paragraph 33 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to the Indentures for their contents.

34.     Paragraph 34 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to reimbursement for expenses incurred in connection with this action, in "resolving the proper interpretation of the Indentures," or insofar as Plaintiff acted negligently or in bad faith.

## GENERAL DENIAL

Except as otherwise expressly recognized in Paragraphs 1 through 34 above, Defendants deny each and every allegation contained in Paragraphs 1 through 34, including, without limitation, the headings contained in the Complaint. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied. Defendants expressly reserve the right to amend and/or supplement their Answer.

## AFFIRMATIVE DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon the Plaintiff. Defendants expressly reserve the right to amend and/or supplement their affirmative and other defenses.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no legal basis for the Plaintiff to refuse to execute the proposed supplemental indentures.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary parties, pursuant to Fed. R. Civ. P. 19.

### FIFTH AFFIRMATIVE DEFENSE

This is not an appropriate declaratory judgment action because there exists no substantial controversy between parties having adverse legal interests.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

There is nothing in the provisions of the Indentures that prohibits the Defendants from engaging in the transactions at issue, and the transactions are not in any way conditioned on the success of the tender offer or consent solicitation, or on the execution by Plaintiff of the proposed supplemental indentures.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

(1)     dismissing the Complaint with prejudice;

(2)     declining to enter the declaratory relief requested by Plaintiff;

(3)     alternatively, declaring that Plaintiff has no legal basis to refuse to execute the proposed supplemental indentures and that there is nothing that prohibits the Defendants from engaging in the transactions at issue;

(4)     awarding Defendants their costs, expenses, and reasonable attorneys' fees; and

(5)     awarding such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
      June 22, 2007

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: _____
      Jonathan J. Lerner (JL-7117)
      Joseph N. Sacca (JS-9435)

Four Times Square
New York, New York 10036
(212) 735-3000

GIBSON, DUNN & CRUTCHER LLP

By: _____
      Wesley G. Howell (WH-8660)
      Marshall R. King (MK-1642)

200 Park Avenue, 47th Floor
New York, New York 10166-0193
(212) 351-4000

      Attorneys for Defendants Tyco International Group S.A. and Tyco International Ltd.

100246169_1.DOC

8