

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE BANK OF NEW YORK,

      Plaintiff,

    v.

TYCO INTERNATIONAL GROUP S.A. and
TYCO INTERNATIONAL LTD.,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 Civ. 4659 (SAS)

RECEIVED
CHAMBERS OF

SEP - 6 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/07

## STIPULATION AND AGREED CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that

the provisions of this Stipulation and Agreed Confidentiality Order (the "Stipulation and Order")

shall govern disclosure and use by the undersigned parties of all documents, interrogatory

responses, testimony and other materials and information (collectively, "Discovery Materials"),

produced in this action, as follows:

    1.    When used in this Stipulation and Order, the word "document" shall include,

without limitation, all original written, recorded, electronic or graphic materials, and all copies

thereof. A party, person, or entity that produces or discloses Discovery Materials in connection

with this action shall be referred to herein as the "Disclosing Party."

    2.    All Discovery Materials produced or disclosed in these actions shall be used

solely for the prosecution of this action (including any appeal therefrom) and the defense of the

named defendants. Any person or entity in possession of Confidential Discovery Materials shall

maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents.

3.      Any Discovery Materials produced or disclosed in connection with this action by a Disclosing Party which constitutes either: (1) trade secret or other confidential research, development or commercial information under Rule 26(c) of the Federal Rules of Civil Procedure; or (2) confidential, non-public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, compensation, financial, investment and banking information may be designated "Confidential" by the Disclosing Party or by the individual to whom the confidential, non-public personal compensation, financial, investment and banking information directly and expressly relates. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials."

4.      The confidential designation set forth in paragraph 3 of this Stipulation and Order may be made at or prior to the time of production of documents by stamping each page of the document to be deemed confidential, or, in the case of depositions, as provided in paragraph 5 below. Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice received no later than ninety days before the date set for trial. If such notice is given, all documents, materials or testimony so designated shall be subject to this Stipulation and Order as if they had been initially designated as Confidential, provided, however, that the foregoing provision shall not apply to any documents that had already been introduced as deposition exhibits, had been filed with the Court or had otherwise become publicly available. Moreover, any use of documents or information prior to any such subsequent designation shall not constitute a violation of the terms of this Stipulation and Order.

The effective date of any such subsequent designation shall be the date of actual receipt of such written notice by counsel for the non-designating party.

5.    A Disclosing Party may designate as Confidential any portion of a deposition transcript deemed to contain Confidential information.  The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material, either orally at the deposition or in writing no later than thirty days after the date on which the transcript is available from the court reporter for distribution to counsel.  Until the expiration of the thirty-day period, the parties shall treat the entire transcript as Confidential Discovery Material.  The reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions thereof designated confidential.  At the request of the Disclosing Party, the court reporter shall prepare a separate original transcript that does not contain the Confidential Discovery Material.  Copies of the transcript for counsel's use may contain both the confidential and other testimony in a single volume.

6.    No Discovery Material designated "Confidential" under paragraphs 3-5 of this Stipulation and Order shall be disclosed, directly or indirectly, to any person other than:

    a.    the Court, Court personnel, and jurors;

    b.    the named parties' attorneys and partners, associates, and employees of the attorneys' law firms;

    c.    any party to this action or officers, directors or employees of any party to this action who is actively engaged in assisting counsel with the prosecution or defense of this action;

3

       d.     in-house attorneys for any named party to this action and regular employees of the in-house legal department of any named party in this action;

       e.     court reporters transcribing depositions or testimony in this action;

       f.     persons who are or were authors or recipients of the Confidential Discovery Materials;

       g.     witnesses at deposition or at trial;

       h.     any expert or consultant retained or consulted by any party in connection with this action and those working under their direction or control; and

       i.     outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this litigation and computer personnel performing duties in relation to a computerized litigation system.

       7.     All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 6(h) or 6(i) above shall, prior to disclosure, be advised of the contents of this Stipulation and Order, and shall be required to execute a certification to be returned to counsel retaining the expert or consultant evidencing the agreement, in the form attached as Exhibit A.

       8.     In the event that counsel for any party or non-party determines to file or submit to the Court any Confidential Discovery Materials or information derived therefrom, or any papers containing or making reference to such information, pages containing such Confidential Discovery Materials shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and which shall clearly bear the words "CONFIDENTIAL – FILED

UNDER SEAL PURSUANT TO ORDER OF THE COURT." All materials filed under seal

shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing

under seal shall be without prejudice to any party's right to argue to the Court that such

document is not confidential and need not be preserved under seal.

9.      If at any time any Discovery Materials governed by this Stipulation and Order are

subpoenaed by any court, administrative or legislative body, or by any other person or entity

purporting to have authority to require the production thereof, the person to whom the subpoena

is directed shall promptly give written notice, and include a copy of the subpoena or request, to

the Disclosing Party. The person to whom the subpoena is directed shall not comply with the

subpoena prior to the return date thereof. Nothing contained herein shall obligate any party or its

counsel to contest or fail to comply with any such subpoena.

10.      If at any time a party objects to a designation of Discovery Materials as

confidential under this Stipulation and Order, the objecting party shall notify the Disclosing

Party in writing. The objecting party shall identify the information in question, and shall specify

the reason or reasons for the objection. The Disclosing Party and objecting party shall meet and

confer in an effort to resolve their differences. If the parties cannot resolve their disagreement,

the Disclosing Party may apply within thirty calendar days from the date the parties met and

conferred for a ruling on the Disclosing Party's designation of the Discovery Materials as

confidential. While any such application is pending, the documents or material subject to that

application will remain confidential until the court rules. If the Disclosing Party does not apply

to the court for a ruling on its designation of Discovery Materials as confidential within the time

period prescribed herein, the Discovery Materials will no longer be deemed confidential. The

Disclosing Party shall have the burden of showing that the document or information is

confidential under Rule 26(c) of the Federal Rules of Civil Procedure or this Stipulation and Order. Nothing in this Stipulation and Order shall be construed as preventing any party from objecting to the designation of any document as confidential, or preventing any party from seeking further protection of any material it produces in discovery.

11.     The parties recognize that a substantial volume of documents may be produced in this action. In light of this fact, there shall be no waiver of any applicable privilege as a result of the inadvertent production of privileged Discovery Materials. When any party discovers that it has inadvertently produced Discovery Materials for which it asserts a claim of privilege, such party shall promptly notify in writing all parties to which such production has occurred and request return of the materials. In the event of a dispute relating to the inadvertent production of privileged Discovery Materials, either party may seek a ruling challenging the claim of privilege. Such application to the Court shall not rely upon or assert as a ground for entering such an order the fact or circumstances of the inadvertent production. The materials shall be returned to the Disclosing Party or destroyed within ten days after entry of an order finding that the materials which were inadvertently produced are subject to a claim of privilege.

12.     Nothing in this Stipulation and Order shall prevent the parties from using or disclosing their own documents or information.

13.     Upon written request, within ninety days after entry of an Order finally terminating this action, including all appeals, copies of all Confidential Discovery Materials shall either be destroyed, or at the option of the recipient, returned to the Disclosing Party, with no copies being retained by the person returning such materials. This paragraph shall not apply to

pleadings, motions, briefs, supporting affidavits, attorney notes, transcripts, deposition or trial exhibits, or Court opinions and orders.

14.    This Stipulation and Order shall not be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial or hearing of this action.

15.    Any non-party producing Discovery Materials in these actions may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting party who, in turn, will serve it upon counsel for the other parties.  The parties to this action may designate Discovery Materials produced by a non-party in these actions as Confidential in accordance and consistent with the terms and provisions of this Stipulation and Order.

16.    In the event that additional persons become parties to these actions, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

17.    This Stipulation and Order shall not prevent any party from applying to this Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Stipulation and Order, subject to approval of the Court.

Dated: August 23, 2007

DECHERT LLP

By: _____

Kevin O'Brien (KO-  )
Glenn Siegel (GS-     )

30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500

Attorneys for Plaintiff Bank of New York

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: _____

Jonathan J. Lerner (JL-7117)
Joseph N. Sacca (JS-9435)

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants


PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: _____

Gerard E. Harper (GH-0279)
Andrew G. Gordon (AG-9239)

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for Intervenor-Plaintiffs

GIBSON, DUNN & CRUTCHER LLP

By: _____

Wesley G. Howell (WH-8660)
Marshall R. King (MK-1642)

200 Park Avenue, 47th Floor
New York, New York 10166-0193
(212) 351-4000

Attorneys for Defendants


SO ORDERED:

_____
U.S.D.J.

8

Dated: August ___, 2007

DECHERT LLP

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
       Kevin O'Brien (KO-____)
       Glenn Siegel (GS-_____)

By:_____
       Gerard E. Harper (GH-0279)
       Andrew G. Gordon (AG-9239)

30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for Plaintiff Bank of New York

Attorneys for Intervenor-Plaintiffs

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

GIBSON, DUNN & CRUTCHER LLP

By: _____
       Jonathan J. Lerner (JL-7117)
       Joseph N. Sacca (JS-9435)

By:_____
       Wesley G. Howell (WH-8660)
       Marshall R. King (MK-1642)

Four Times Square
New York, New York 10036
(212) 735-3000

200 Park Avenue, 47th Floor
New York, New York 10166-0193
(212) 351-4000

Attorneys for Defendants

Attorneys for Defendants

SO ORDERED:

_____
U.S.D.J.

8

Dated: August ___, 2007

DECHERT LLP

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: _____

    Kevin O'Brien (KO-____)
    Glenn Siegel (GS-____)

By: _____

    Gerard E. Harper (GH-0279)
    Andrew G. Gordon (AG-9239)

30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for Plaintiff Bank of New York

Attorneys for Intervenor-Plaintiffs

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

GIBSON, DUNN & CRUTCHER LLP

By: _____

    Jonathan J. Lerner (JL-7117)
    Joseph N. Sacca (JS-9435)

By: _____

    Wesley G. Howell (WH-8660)
    Marshall R. King (MK-1642)

Four Times Square
New York, New York 10036
(212) 735-3000

200 Park Avenue, 47th Floor
New York, New York 10166-0193
(212) 351-4000

Attorneys for Defendants

Attorneys for Defendants

SO ORDERED:

_____
U.S.D.J.    9/7/07

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |
|---|---|
| THE BANK OF NEW YORK, | x |
| Plaintiff, | : |
| v. | :    07 Civ. 4659 (SAS) |
| TYCO INTERNATIONAL GROUP S.A. and TYCO INTERNATIONAL LTD., | : |
| Defendant. | : |
|  | x |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CERTIFICATION

       I certify my understanding that Confidential Discovery Materials are being provided or may be provided to me pursuant to the terms and restrictions of the Stipulation and Agreed Confidentiality Order ("Stipulation and Order") dated August __, 2007, in the above-captioned action. I further certify that I have received and read the Stipulation and Order, and I agree to be bound by its terms. I also acknowledge that any violation of such Stipulation and Order by me or anyone acting under my direction may subject me to penalties for contempt of Court or other penalties or sanctions. I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulation and Order.

Dated:_____          _____
                                                                     Name