**EXHIBIT L**

06/01/2007 16:33    #780 P.001/005    From:BANK OF NY

TYCO INTERNATIONAL GROUP S.A.,
as Issuer,


TYCO INTERNATIONAL FINANCE S.A.,
as co-obligor,


TYCO INTERNATIONAL LTD.,
as Guarantor,


AND


THE BANK OF NEW YORK,
as Trustee


SUPPLEMENTAL INDENTURE NO. 21
Dated as of May 30, 2007

THIS SUPPLEMENTAL INDENTURE NO. 21 is dated as of May 30, 2007 among Tyco International Group S.A., a Luxembourg company (the "Issuer"), Tyco International Finance S.A., a Luxembourg company ("TIFSA"), Tyco International Ltd., a Bermuda company ("Tyco"), and The Bank of New York, a New York banking association (the "Trustee").

## RECITALS

A.     The Issuer has executed and delivered to the Trustee an Indenture, dated as of June 9, 1998 (as heretofore amended, the "Indenture"), to provide for the issuance by the Issuer of the Securities.

B.     The Boards of Directors of the Issuer and TIFSA have determined it is desirable to add TIFSA as a co-obligor under the Indenture with respect to the Securities, with the Issuer remaining as an obligor and Tyco remaining as Guarantor under the Indenture with respect to the Securities.

C.     Pursuant to this Supplemental Indenture No. 21, TIFSA is willing to become a co-obligor with respect to the due and punctual payment of the principal of and interest on all the Securities according to their tenor, and the due and punctual performance and observance of all of the covenants and agreements of the Indenture to be performed or observed by the Issuer.

D.     This Supplemental Indenture No. 21 is being entered into pursuant to Section 7.1(d) of the Indenture and the entry into this Supplemental Indenture No. 21 by the parties hereto is in all respects authorized by the provisions of the Indenture.

E.     All things necessary to make this Supplemental Indenture No. 21 a valid indenture and agreement according to its terms have been done.

NOW, THEREFORE, for and in consideration of the foregoing premises, the Issuer, TIFSA, Tyco and the Trustee mutually covenant and agree for the equal and proportionate benefit of the respective holders from time to time of the Securities as follows:

## ARTICLE I

**Section 1.1     Additional Obligor.**

TIFSA hereby expressly agrees to become a co-obligor with respect to the due and punctual payment of the principal of and interest on all the Securities according to their tenor, and the due and punctual performance and observance of all of the covenants and agreements of the Indenture to be performed or observed by the Issuer. In connection with TIFSA becoming such a co-obligor, the Issuer shall remain as an obligor and Tyco shall remain as Guarantor under the Indenture with respect to the Securities.

From:BANK OF NY    06/01/2007 16:34    #780 P.003/005

## ARTICLE II

## MISCELLANEOUS

**Section 2.1    Definitions.**

Capitalized terms used but not defined in this Supplemental Indenture No. 21 shall have the meanings ascribed thereto in the Indenture.

**Section 2.2    Confirmation of Indenture.**

The Indenture, as supplemented and amended by this Supplemental Indenture No. 21, is in all respects ratified and confirmed, and the Indenture, this Supplemental Indenture No. 21 and all indentures supplemental thereto shall be read, taken and construed as one and the same instrument.

**Section 2.3    Concerning the Trustee.**

In carrying out the Trustee's responsibilities hereunder, the Trustee shall have all of the rights, protections and immunities which it possesses under the Indenture. The Trustee assumes no responsibility for the correctness of the recitals contained herein. The Trustee makes no representations as to the validity or sufficiency of this Supplemental Indenture No. 21.

**Section 2.4    NEW YORK LAW TO GOVERN.**

THIS SUPPLEMENTAL INDENTURE NO. 21 SHALL BE DEEMED TO BE A CONTRACT UNDER THE LAWS OF THE STATE OF NEW YORK, AND FOR ALL PURPOSES SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF SUCH STATE, WITHOUT REGARD TO PRINCIPLES OF THE CONFLICT OF LAWS THEREOF.

**Section 2.5    Effectiveness.**

This Supplemental Indenture No. 21 shall become effective upon execution by the Issuer, TIFSA, Tyco and the Trustee.

**Section 2.6    Counterparts.**

This Supplemental Indenture No. 21 may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

**Section 2.7    No Benefit.**

Nothing in this Supplemental Indenture No. 21, express or implied, shall give to any Person other than the parties hereto and their successors and assigns, and the holders of the Securities, any benefit or legal or equitable rights, remedy or claim under this Supplemental Indenture No. 21 or the Indenture.

3

TYCO INTERNATIONAL GROUP S.A.,
as Issuer,


TYCO INTERNATIONAL FINANCE S.A.,
as co-obligor,


TYCO INTERNATIONAL LTD.,
as Guarantor,


AND


THE BANK OF NEW YORK,
as Trustee


SUPPLEMENTAL INDENTURE NO. 2
Dated as of May 30, 2007

From: BANK OF NY                                    08/01/2007 18:31    #756 P.002/006

THIS SUPPLEMENTAL INDENTURE NO. 2 is dated as of May 30, 2007 among Tyco International Group S.A., a Luxembourg company (the "Company"), Tyco International Finance S.A., a Luxembourg company ("TIFSA"), Tyco International Ltd., a Bermuda company ("Tyco"), and The Bank of New York, a New York banking association (the "Trustee").

### RECITALS

A.    The Company has executed and delivered to the Trustee an Indenture, dated as of November 12, 2003 (as heretofore amended, the "Indenture"), to provide for the issuance by the Company of the Securities.

B.    The Boards of Directors of the Company and TIFSA have determined it is desirable to add TIFSA as a co-obligor under the Indenture with respect to the Securities, with the Company remaining as an obligor and Tyco remaining as Guarantor under the Indenture with respect to the Securities.

C.    Pursuant to this Supplemental Indenture No. 2, TIFSA is willing to become a co-obligor with respect to the due and punctual payment of the principal of, premium, if any, and interest on all the Securities according to their tenor, and the due and punctual performance and observance of all of the covenants and agreements of the Indenture to be performed or observed by the Company.

D.    This Supplemental Indenture No. 2 is being entered into pursuant to Section 9.01(h) of the Indenture and the entry into this Supplemental Indenture No. 2 by the parties hereto is in all respects authorized by the provisions of the Indenture.

E.    All things necessary to make this Supplemental Indenture No. 2 a valid indenture and agreement according to its terms have been done.

NOW, THEREFORE, for and in consideration of the foregoing premises, the Company, TIFSA, Tyco and the Trustee mutually covenant and agree for the equal and proportionate benefit of the respective holders from time to time of the Securities as follows:

### ARTICLE I

Section 1.1    **Additional Obligor.**

TIFSA hereby expressly agrees to become a co-obligor with respect to the due and punctual payment of the principal of, premium, if any, and interest on all the Securities according to their tenor, and the due and punctual performance and observance of all of the covenants and agreements of the Indenture to be performed or observed by the Company. In connection with TIFSA becoming such a co-obligor, the Company shall remain as an obligor and Tyco shall remain as Guarantor under the Indenture with respect to the Securities.

2

# ARTICLE II

## MISCELLANEOUS

**Section 2.1    Definitions.**

Capitalized terms used but not defined in this Supplemental Indenture No. 2 shall have the meanings ascribed thereto in the Indenture.

**Section 2.2    Confirmation of Indenture.**

The Indenture, as supplemented and amended by this Supplemental Indenture No. 2, is in all respects ratified and confirmed, and the Indenture, this Supplemental Indenture No. 2 and all indentures supplemental thereto shall be read, taken and construed as one and the same instrument.

**Section 2.3    Concerning the Trustee.**

In carrying out the Trustee's responsibilities hereunder, the Trustee shall have all of the rights, protections and immunities which it possesses under the Indenture. The Trustee assumes no responsibility for the correctness of the recitals contained herein. The Trustee makes no representations as to the validity or sufficiency of this Supplemental Indenture No. 2.

**Section 2.4    GOVERNING LAW.**

**THIS SUPPLEMENTAL INDENTURE NO. 2 SHALL BE DEEMED TO BE A CONTRACT MADE UNDER THE INTERNAL LAWS OF THE STATE OF NEW YORK, AND FOR ALL PURPOSES SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF SAID STATE WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES THAT WOULD REQUIRE THE APPLICATION OF ANY OTHER LAW.**

**Section 2.5    Effectiveness.**

This Supplemental Indenture No. 2 shall become effective upon execution by the Company, TIFSA, Tyco and the Trustee.

**Section 2.6    Counterparts.**

This Supplemental Indenture No. 2 may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

**Section 2.7    No Benefit.**

Nothing in this Supplemental Indenture No. 2, express or implied, shall give to any Person other than the parties hereto and their successors or assigns, and the holders of the Securities, any benefit or legal or equitable rights, remedy or claim under this Supplemental Indenture No. 2 or the Indenture.

3

TYCO INTERNATIONAL GROUP S.A.,
as Issuer,


TYCO INTERNATIONAL FINANCE S.A.,
as co-obligor,


TYCO INTERNATIONAL LTD.,
as Guarantor and as successor Issuer,


AND


THE BANK OF NEW YORK,
as Trustee


SUPPLEMENTAL INDENTURE NO. 22
Dated as of June 1, 2007

NOW, THEREFORE, for and in consideration of the foregoing premises, the Issuer, TIFSA, Tyco and the Trustee mutually covenant and agree for the equal and proportionate benefit of the respective holders from time to time of the Securities as follows:

## ARTICLE I

**Section 1.1    Assumption and Succession.**

Upon the Transfer and in accordance with Sections 8.1 and 8.2 of the Indenture, Tyco hereby expressly assumes all of the obligations of the Issuer under the Indenture, including the obligation to make the due and punctual payment of the principal of and interest on all the Securities according to their tenor and the due and punctual performance and observance of all of the covenants and agreements of the Indenture to be performed or observed by the Issuer, and Tyco shall succeed to, and be substituted for, the Issuer with the same effect as if Tyco had been named therein and the Issuer shall be discharged from all obligations and covenants under the Indenture and the Securities and may be liquidated and dissolved.

## ARTICLE II

## MISCELLANEOUS

**Section 2.1    Definitions.**

Capitalized terms used but not defined in this Supplemental Indenture No. 22 shall have the meanings ascribed thereto in the Indenture.

**Section 2.2    Confirmation of Indenture.**

The Indenture, as supplemented and amended by this Supplemental Indenture No. 22, is in all respects ratified and confirmed, and the Indenture, this Supplemental Indenture No. 22 and all indentures supplemental thereto shall be read, taken and construed as one and the same instrument.

**Section 2.3    Concerning the Trustee.**

In carrying out the Trustee's responsibilities hereunder, the Trustee shall have all of the rights, protections and immunities which it possesses under the Indenture. The Trustee assumes no responsibility for the correctness of the recitals contained herein. The Trustee makes no representations as to the validity or sufficiency of this Supplemental Indenture No. 22.

**Section 2.4    NEW YORK LAW TO GOVERN.**

THIS SUPPLEMENTAL INDENTURE NO. 22 SHALL BE DEEMED TO BE A CONTRACT UNDER THE LAWS OF THE STATE OF NEW YORK, AND FOR ALL PURPOSES SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF SUCH STATE, WITHOUT REGARD TO PRINCIPLES OF THE CONFLICT OF LAWS THEREOF.

3

Section 2.5    Effectiveness.

This Supplemental Indenture No. 22 shall become effective upon execution by the Issuer, TIFSA, Tyco and the Trustee.

Section 2.6    Counterparts.

This Supplemental Indenture No. 22 may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

Section 2.7    No Benefit.

Nothing in this Supplemental Indenture No. 22, express or implied, shall give to any Person other than the parties hereto and their successors or assigns, and the holders of the Securities, any benefit or legal or equitable rights, remedy or claim under this Supplemental Indenture No. 22 or the Indenture.

4

**TYCO INTERNATIONAL GROUP S.A.,**
as Issuer,

**TYCO INTERNATIONAL FINANCE S.A.,**
as co-obligor,

**TYCO INTERNATIONAL LTD.,**
as Guarantor and as successor Issuer,

AND

**THE BANK OF NEW YORK,**
as Trustee

**SUPPLEMENTAL INDENTURE NO. 3**
Dated as of June 1, 2007

H.    All things necessary to make this Supplemental Indenture No. 3 a valid indenture and agreement according to its terms have been done.

NOW, THEREFORE, for and in consideration of the foregoing premises, the Company, TIFSA, Tyco and the Trustee mutually covenant and agree for the equal and proportionate benefit of the respective holders from time to time of the Securities as follows:

## ARTICLE I

### Section 1.1    Assumption and Succession.

Upon the Transfer and in accordance with Sections 10.01 and 10.02 of the Indenture, Tyco hereby expressly assumes all of the obligations of the Company under the Indenture, including the obligation to make the due and punctual payment of the principal of, premium, if any, and interest on all the Securities according to their tenor and the due and punctual performance and observance of all of the covenants and agreements of the Indenture to be performed or observed by the Company, and Tyco shall succeed to, and be substituted for, and may exercise every right and power of the Company under the Indenture with the same effect as if Tyco had been named as the Company therein and the Company shall be discharged from all obligations and covenants under the Indenture and the Securities and may be liquidated and dissolved.

## ARTICLE II

## MISCELLANEOUS

### Section 2.1    Definitions.

Capitalized terms used but not defined in this Supplemental Indenture No. 3 shall have the meanings ascribed thereto in the Indenture.

### Section 2.2    Confirmation of Indenture.

The Indenture, as supplemented and amended by this Supplemental Indenture No. 3, is in all respects ratified and confirmed, and the Indenture, this Supplemental Indenture No. 3 and all indentures supplemental thereto shall be read, taken and construed as one and the same instrument.

### Section 2.3    Concerning the Trustee.

In carrying out the Trustee's responsibilities hereunder, the Trustee shall have all of the rights, protections and immunities which it possesses under the Indenture. The Trustee assumes no responsibility for the correctness of the recitals contained herein. The Trustee makes no representations as to the validity or sufficiency of this Supplemental Indenture No. 3.

### Section 2.4    GOVERNING LAW.

THIS SUPPLEMENTAL INDENTURE NO. 3 SHALL BE DEEMED TO BE A CONTRACT MADE UNDER THE INTERNAL LAWS OF THE STATE OF NEW

3

YORK, AND FOR ALL PURPOSES SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF SAID STATE WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES THAT WOULD REQUIRE THE APPLICATION OF ANY OTHER LAW.

Section 2.5    Effectiveness.

This Supplemental Indenture No. 3 shall become effective upon execution by the Company, TIFSA, Tyco and the Trustee.

Section 2.6    Counterparts.

This Supplemental Indenture No. 3 may be executed in any number of counterparts each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

Section 2.7    No Benefit.

Nothing in this Supplemental Indenture No. 3, express or implied, shall give to any Person other than the parties hereto and their successors or assigns, and the holders of the Securities, any benefit or legal or equitable rights, remedy or claim under this Supplemental Indenture No. 3 or the Indenture.

**EXHIBIT M**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BANK OF NEW YORK, as
Indenture Trustee,

          Plaintiff,

       v.

TYCO INTERNATIONAL GROUP, S.A.,
TYCO INTERNATIONAL, LTD., and
TYCO INTERNATIONAL FINANCE
S.A.,

          Defendants.

Docket No. 07 CV 4659 (SAS)

**DECLARATION**
**OF MARC SEIMETZ**

Marc SEIMETZ declares pursuant to 28 U.S.C. § 1746:

1.      I am a partner with the law firm Dechert Luxembourg. I am an attorney at court ("Avocat à la Cour") and member of the Luxembourg Bar Association. I respectfully submit this Declaration to provide the Court with certain relevant provisions of Luxembourg tax law.

2.      Under Luxembourg tax law, dividends, shares of profit and other income allocated in whatever manner (subject to among others what is set out in section 4. hereafter), on the grounds of shares, participations into the share capital, shares of profit or participations in whatever form in the share capital of a Luxembourg resident company subject to the Luxembourg income tax law pursuant to Article 159 of the Luxembourg law of 4 December 1967 regarding income tax, hereinafter, the "Loi de 1967", are in principle subject in Luxembourg to a withholding tax of 15%.



1

*See* Art. 159 of the "Loi de 1967", which provides in part that: "Sont considérés comme contribuables résidents passibles de l'impôt sur le revenu des collectivités, les organismes à caractère collectif énumérés ci-après, pour autant que leur siège statutaire ou leur principal établissement se trouve sur le territoire du Grand-Duché: A – 1. Les sociétés de capitaux » (non official free translation (the French text is the official text and is prevailing over the English translation): "Are considered as resident taxpayers subject to corporate income tax, the following collective bodies, insofar as their registered office or principal establishment is located on the Luxembourg territory: A – 1. Companies limited by shares)".

*See also* Art. 146 of the "Loi de 1967"), which provides in part that "Sont passibles de la retenue à la source au titre de l'impôt sur le revenu, les revenus indigènes ci-après: 1. les dividendes, parts de bénéfice et autres produits visés sub 1 de l'article 97, alinéa 1 . . . ." (non official free translation (the French text is the official text and is prevailing over the English translation): "Are subject to the withholding tax under the income tax, the following domestic income: 1. dividends, shares of profits and other income being the object of sub 1 of Article 97, paragraph 1...")

*See also* Art 97, paragraph (1) 1 of the "Loi de 1967" which relates to: "les dividendes, parts de bénéfice et autres produits alloués, sous quelque forme que ce soit, en raison des actions, parts de capital, parts bénéficiaires ou autres participations de toute nature dans les collectivités visées aux articles 159 et 160 » (non official free translation (the French text is the official text and is prevailing over the English translation): "dividends, shares of profit and other income allocated in whatever manner, on the grounds of shares, participations into the share capital, shares of profit or participations in whatever form in

2

the share capital of Luxembourg resident companies being the object of Articles 159 and 160")

*see also* Article 148 of the Loi de 1967, which states that: "(1) Le taux de la retenue est fixé à 15 pour cent. . . ." (non official free translation (the French text is the official text and is prevailing over the English translation): "(1) The rate of the withholding is 15 per cent. . . . ." )

    3.    Art 146 of the Loi de 1967 can be overridden by the provisions of any applicable double tax treaty concluded by Luxembourg.  There is no double tax treaty concluded between Luxembourg and Bermuda.

    4.    There is, however, no withholding tax in Luxembourg on the distribution of liquidation proceeds by an ordinary commercial Luxembourg company being the object of Article 159 of the Loi de 1967.

    5.    The statements above only refer to Luxembourg law.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on December 4, 2007

Marc SEIMETZ

3

**EXHIBIT N**

SUPPLEMENT TO
OFFER TO PURCHASE AND CONSENT SOLICITATION STATEMENT DATED APRIL 27, 2007

# TYCO INTERNATIONAL GROUP S.A.

## OFFER TO PURCHASE AND SOLICITATION OF CONSENTS
### FOR ANY AND ALL OF ITS OUTSTANDING SECURITIES
### LISTED IN THE TABLE BELOW

| Title of Securities | CUSIP Number | Outstanding Amount |
|---|---|---|
| **2003 Indenture Notes** | | |
| 6.0% notes due 2013 | 902118BK3 | $1,000,000,000 |
| **1998 Indenture Notes** | | |
| 6.125% notes due 2008 | 902118AM0 | $400,000,000 |
| 6.125% notes due 2009 | 902118AJ7 | $400,000,000 |
| 6.75% notes due 2011 | 902118AY4 | $1,000,000,000 |
| 6.375% notes due 2011 | 902118BC1 | $1,500,000,000 |
| 7.0% notes due 2028 | 902118AC2 | $500,000,000 |
| 6.875% notes due 2029 | 902118AK4 | $800,000,000 |

Tyco International Group S.A. (the "Company") hereby amends and supplements its offers to purchase for cash any and all of its outstanding notes listed in the table above, upon the terms and conditions set forth in the Offer to Purchase and Consent Solicitation Statement dated April 27, 2007 (as amended and supplemented from time to time, the "Offer to Purchase), and in the related Letter of Transmittal and Consent dated April 27, 2007 (the "Letter of Transmittal" and, together with this Offer to Purchase, the "Offer Documents"). Except as set forth in this supplement (this "Supplement"), the terms and conditions previously set forth in the Offer Documents, including information incorporated by reference therein, remain applicable to the offers to purchase and consent solicitations in all respects and this Supplement should be read in connection therewith.

The Company is extending the Early Consent Date with respect to both the 2003 Tender Offer and the 1998 Tender Offer by three business days. The consent solicitations now will expire at 5:00 p.m., New York City time, on Tuesday, May 15, 2007, unless extended or earlier terminated. References in the Offer Documents to the Early Consent Date are hereby amended to refer to such later date and time, unless extended or earlier terminated. The Expiration Date for the Tender Offers is unchanged. The Tender Offers will expire at 12:00 midnight, New York City time, on Thursday, May 24, 2007, unless extended or earlier terminated.

NONE OF THE COMPANY, TYCO, THE DEALER MANAGERS, THE SOLICITATION AGENTS, THE INFORMATION AGENT, THE DEPOSITARY, OR THE TRUSTEE MAKES ANY RECOMMENDATION IN CONNECTION WITH THE TENDER OFFERS OR THE CONSENT SOLICITATIONS.

*The Dealer Managers for the Tender Offers and the Solicitation Agents for the Consent Solicitations are:*

**Goldman, Sachs & Co.**                                   **Morgan Stanley**

May 10, 2007

## ADDITIONAL INFORMATION

On May 9, 2007, AIG Global Investment Corp. ("AIG"), which purports to be a holder of 2003 Notes and 1998 Notes, commenced an action against the Company in the United States District Court for the Southern District of New York. The complaint in the action is on file with the Clerk of that court, under the case name *AIG Global Investment Corp. v. Tyco International Group, S.A.*, Case No. 07-cv-03693-SAS. The complaint alleges that the transfer of assets by the Company to TIFSA in connection with the Proposed Separation will not constitute a transfer of all or substantially all of the Company's assets and, therefore, that the Proposed Separation will violate the provisions of the 1998 Indenture and the 2003 Indenture because the Indentures do not permit the assignment of the Company's obligation on the Notes unless all or substantially all of the assets are being transferred. The complaint relies upon a case entitled *Sharon Steel Corp. v. The Chase Manhattan Bank*, 691 F.2d 1039 (2d Cir. 1982), which AIG claims supports its interpretation of the Indentures. The complaint also asserts that the Proposed Separation violates the Indentures because the transfer of assets to Tyco Electronics and Covidien will constitute a sale of all or substantially all of the Company's assets, but without a concurrent assumption of the Notes by such entities. Furthermore, the complaint alleges that the Company's Offer Documents are false and misleading in that they: represent that the transfer of the Company's assets to TIFSA as part of the Proposed Separation shall be deemed a conveyance of substantially all of the Company's assets; describe the 1998 Indenture Amendments and the 2003 Indenture Amendments as "clarifying" the applicable provisions of the Indentures, even though AIG asserts they represent a "dramatic change from the true meaning" of the provisions of the Indentures and that the "proposed amendments in fact effect a material change to the Successor Obligor clauses" of the Indentures; assert that the Company believes that the various steps in the Proposed Separation are not prohibited by the Indentures; and fail to disclose the existence of the *Sharon Steel* decision, which AIG claims is controlling, and that the Company's actions are "attempts to circumvent" the holding of the *Sharon Steel* decision. The Company disagrees with AIG's position, and intends to vigorously defend the lawsuit.

1

*The Depositary for the Tender Offers and the Consent Solicitations is:*

Global Bondholder Services Corporation

*By Facsimile (Eligible Institutions Only):*

(212) 430-3775
Attention: Corporate Actions
For Information or
Confirmation by Telephone:
(212) 430-3774

*By Mail or Hand:*

Global Bondholder Services Corporation
65 Broadway -- Suite 723
New York, New York 10006
Attention: Corporate Actions

Any questions or requests for assistance may be directed to the Dealer Managers at the addresses and telephone numbers set forth below. Requests for additional copies of this Offer to Purchase and the Letter of Transmittal may be directed to the Information Agent. Requests for copies of the Indentures and the forms of the Supplemental Indentures may also be directed to the Information Agent. Beneficial owners may also contact their Custodian for assistance concerning the Tender Offers and the Consent Solicitations.

*The Information Agent for the Tender Offers and the Consent Solicitations is:*

Global Bondholder Services Corporation
65 Broadway -- Suite 723
New York, New York 10006
Attn: Corporate Actions
Bank and Brokers Call Collect: (212) 430-3774
All Others Please Call Toll-Free: (866) 470-3700

*The Dealer Managers for the Tender Offers and the Solicitation Agents for the Consent Solicitations are:*

Morgan Stanley
Liability Management Group
1585 Broadway, Floor 04
New York, NY 10036
(212) 761-1941
Toll Free: (800) 624-1808

Goldman, Sachs & Co.
Liability Management
1 New York Plaza
New York, NY 10004
(212) 902-9077
Toll Free: (800) 828-3182

**EXHIBIT O**

QuickLinks -- Click here to rapidly navigate through this document

# SECURITIES AND EXCHANGE COMMISSION,

Washington, D.C. 20549

# SCHEDULE TO

### (Rule 13e-4)
### TENDER OFFER STATEMENT UNDER SECTION 14(d)(1) OR 13(e)(1)
### OF THE SECURITIES EXCHANGE ACT OF 1934

(Amendment No. 1)

# TYCO INTERNATIONAL LTD.

(Name of Subject Company (Issuer))

# TYCO INTERNATIONAL LTD.

(Name of Filing Persons (Offeror))

**Liquid Yield Option™ Notes due 2020 (Zero Coupon—Senior)**
(Title of Class of Securities)

**No. 902124AC0**
(CUSIP Number of Class of Securities)

**Judith A. Reinsdorf, Esq.**
**c/o Tyco International Management Company**
**9 Roszel Road**
**Princeton, New Jersey 08540**
**(609) 720-4200**
(Name, Address and Telephone Number of Person Authorized to Receive Notices
and Communications on Behalf of Filing Persons)

Copies to:
**Steven R. Finley, Esq.**
**Gibson, Dunn & Crutcher LLP**
**200 Park Avenue**
**New York, New York 10166-0193**
**Tel. (212) 351-4000**
**Fax. (212) 351-4035**

**CALCULATION OF FILING FEE**

| Transaction Valuation* | Amount of Filing Fee** |
|---|---|
| $580,000 | $17.81 |

\*      Calculated solely for purposes of determining the filing fee. The purchase price of the Liquid Yield Option™ Notes due 2020 (Zero Coupon—Senior), as described herein, is $827.71 per $1,000 principal amount at maturity outstanding,. As of April 26, 2007, there was approximately $700,000 in aggregate principal amount at maturity outstanding, resulting in an approximate aggregate maximum purchase price of $580,000.

** 

       $30.70 per million dollars of transaction value, in accordance with Rule 0-11(b) and Fee Rate Advisory No. 7 for fiscal 2007.

☒    Check the box if any part of the fee is offset as provided by Rule 0-1 1(a)(2) and identify the filing with which the offsetting fee was previously paid. Identify the previous filing by registration statement number, or the Form or Schedule and the date of its filing.

| Amount Previously Paid: | $17.81 | Filing Party: | Tyco International Ltd. |
| | | | Tyco International Group S.A. |
| Form or Registration No.: | SC TO-I | Date Filed: | April 27, 2007 |

☐    Check the box if the filing relates solely to preliminary communications made before the commencement of a tender offer.

    Check the appropriate boxes to designate any transactions to which this statement relates:

☐  third-party tender offer subject to Rule 14d-1      ☐  going-private transaction subject to Rule 13e-3

☒  issuer tender offer subject to Rule 13e-4        ☐  amendment to Schedule 13D under Rule 13d-2

    Check the following box if the filing is a final amendment reporting the results of the tender offer.    ☒

Exhibit (a)(5)(ii)

## TYCO ANNOUNCES EXPIRATION OF TENDER OFFERS AND CONSENT SOLICITATIONS

**PEMBROKE, Bermuda May 25, 2007** — Tyco International Ltd. ("Tyco") (NYSE: TYC; BSX: TYC) today announced the expiration, as of 12:00 midnight, New York City time, on May 24, 2007 (the "Expiration Date"), of the previously announced tender offers of certain of its subsidiaries that are issuers of its corporate debt for any and all of their outstanding Dollar-denominated public debt set forth in the tables below. The issuers have accepted for payment all notes validly tendered and not validly withdrawn in the tender offers.

**Non-Convertible U.S. Debt**

The following table sets forth the results of the tender offers and consent solicitations for the non-convertible U.S. debt securities of the specified issuer (collectively, the "Notes") as of the Expiration Date:

| Tyco International Group S.A. | CUSIP | Approximate Outstanding Amount | Amount of Notes Tendered | Approximate Percentage Tendered |
|---|---|---|---|---|
| 6.125% Notes due 2008 | 902118AM0 | $400,000,000 | $99,683,000 | |
| 6.125% Notes due 2009 | 902118AJ7 | $400,000,000 | $184,570,500 | |
| 6.75% Notes due 2011 | 902118AY4 | $1,000,000,000 | $484,177,000 | |
| 6.375% Notes due 2011 | 902118BC1 | $1,500,000,000 | $650,626,000 | |
| 7.0% Notes due 2028 | 902118AC2 | $500,000,000 | $61,133,000 | |
| 6.875% Notes due 2029 | 902118AK4 | $800,000,000 | $68,654,000 | |
| Total under June 9, 1998 indenture | | $4,600,000,000 | $1,548,843,500 | 33.67 % |
| 6.0% notes due 2013 | 902118BK3 | $1,000,000,000 | $343,903,000 | 34.39 % |
| **United States Surgical Corporation (as successor to Mallinckrodt Inc.)** | | | | |
| 6.5% Notes due 2007 | 561226AB7 | $100,000,000 | $79,846,000 | |
| 7.0% Debentures due 2013 | 452454AB7 | $87,000,000 | $81,160,000 | |
| Total under indenture | | $187,000,000 | $161,006,000 | 86.10 % |
| **Tyco Electronics Corporation (as successor to Raychem Corporation)** | | | | |
| 7.2% Notes due 2008 | 754603AB4 | $86,000,000 | $66,872,000 | 77.76 % |

Tyco also announced that Tyco International Group S.A. ("TIGSA") has waived the condition that the holders of at least a majority in outstanding aggregate principal amount of the Notes issued under the June 9, 1998 indenture, voting together as one class, and the holders of at least a majority in outstanding aggregate principal amount of the 6% notes due 2013, consent to the amendments to the indentures under which those Notes were issued and it will purchase all validly tendered Notes. As previously disclosed, Tyco and TIGSA do not believe that the separation of Tyco into three separate public companies is prohibited by the indentures. Tyco noted that the timing of the proposed separation will not be affected by the results of the offers.

**Convertible U.S. Debt**

The following table sets forth the results of the tender offers and consent solicitations for the convertible U.S. debt securities of the specified issuer (collectively, the "Convertible Notes") as of the Expiration Date:

| Tyco International Group S.A. | CUSIP | Approximate Outstanding Amount | Amount of Notes Tendered | Approximate Percentage Tendered |
|---|---|---|---|---|
| 3.125% Convertible Senior Debentures due 2023 | 902118BE7 | | | |
| | 902118BG2 | $750,000,000 | $726,165,000 | 96.82 % |
| Zero Coupon Convertible Debentures due 2021 | 902118AW8 | $35,000 | $7,000 | 20.00 % |
| **Tyco International Ltd.** | | | | |
| Liquid Yield Option™ Notes due 2020 (Zero Coupon-Senior) | 902124AC0 | $692,700 | $281,700 | 40.24 % |

The amount tendered under the indenture governing the 3.125% Convertible Senior Debentures due 2023 represents a sufficient number of consents required to approve the amendments to such indenture. The supplemental indenture effecting the proposed amendments with respect to the 3.125% Convertible Senior Debentures due 2023, as described in the relevant tender offer and consent solicitation document, will be executed promptly.

Tyco also announced that TIGSA and it, as applicable, have waived the condition that the holders of at least a majority in outstanding aggregate principal amount of the Convertible Notes issued under the February 12, 2001 indenture and the holders of at least a majority of the Convertible Notes issued under the November 17, 2000 indenture consent to the amendments to the indentures under which those Notes were issued and TIGSA and it, as applicable, will purchase all of such validly tendered Convertible Notes.

Payment in respect of the tender offers and consent solicitations in accordance with the relevant tender offer and consent solicitation documents is expected to be made on May 29, 2007.

**Information Relating to Tender Offers**

Goldman, Sachs & Co. and Morgan Stanley were the Dealer Managers for the tender offers and Solicitation Agents for the consent solicitations. Global Bondholder Services Corporation was the Information Agent and Depositary.

This press release does not constitute an offer to purchase any securities.

**About Tyco**

Tyco International Ltd. is a global, diversified company that provides vital products and services to customers in four business segments: Electronics, Fire & Security, Healthcare, and Engineered Products & Services. With 2006 revenue of $41 billion, Tyco employs approximately 240,000 people worldwide. More information on Tyco can be found at www.tyco.com.

**Forward-Looking Statements**

*This release may contain certain forward-looking statements. These statements are based on management's current expectations and are subject to risks, uncertainty and changes in circumstances, which may cause actual results, performance or achievements to differ materially from anticipated results, performance or achievements. All statements contained herein that are not clearly historical in nature are forward-looking and the words "anticipate," "believe," "expect," "estimate," "plan," and similar expressions are generally intended to identify forward-looking statements. The forward-looking statements in this release include statements addressing the following subjects: future financial condition and operating results. Economic, business, competitive and/or regulatory factors affecting Tyco's businesses are examples of factors, among others, that could cause actual results to differ materially from*

1

*those described in the forward-looking statements. Tyco is under no obligation to (and expressly disclaims any such obligation to) update or alter its forward-looking statements whether as a result of new information, future events or otherwise. More detailed information about these and other factors is set forth in Tyco's Annual Report on Form 10-K and 10-K/A for the fiscal year ended Sept. 29, 2006 and in Tyco's Quarterly Report on Form 10-Q and for the fiscal quarter ended March 30, 2007.*

2