# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PETROHAWK ENERGY CORPORATION,           :

        Plaintiff,           :

    vs.           :           06 Civ. 9404 (DLC)

LAW DEBENTURE TRUST COMPANY OF           :
NEW YORK,

        Defendant.           :

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Law Debenture Trust Company of New York, as successor Indenture Trustee (when acting in such capacity, hereinafter referred to as either the "Trustee," or the "Defendant") under an indenture (the "Indenture"), dated as of April 1, 2004, governing certain 7.125% senior notes due 2012 (the "Notes") issued by KCS Energy, Inc. ("KCS Energy"), respectfully submits this memorandum of law in support of its motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to dismiss each of the claims alleged by plaintiff Petrohawk Energy Corporation ("Petrohawk," or "Plaintiff") in its Complaint dated October 13, 2006 (the "Complaint" or "Compl."), with prejudice for lack of standing and for failure to state a claim upon which relief can be granted.[1]

## PRELIMINARY STATEMENT

Though Petrohawk alleges that the nature of this action is a suit "to recover funds Defendant has wrongfully misappropriated and converted, and to which it has no legal entitlement," Compl., ¶ 1, *Petrohawk itself has no legal entitlement to the funds at issue*. This fatal irony undermines Petrohawk's Complaint and requires its dismissal as a matter of law. The funds at issue did once belong to Petrohawk, but, at the time of the alleged "misappropriation," they had already been paid over to a non-party in satisfaction of Petrohawk's obligation to make semi-annual interest payments on the Notes and were being held in trust for the noteholders on whose behalf and authority the Trustee is acting. Petrohawk has no legal or equitable right to these monies and can identify no injury resulting from the alleged misconduct, and therefore has no standing to bring this action.

The apparent motivation for Petrohawk's suit is to disrupt another action previously filed in Delaware Chancery Court by the Trustee, where the Trustee is acting on

---

[1] Petrohawk's Complaint is annexed as Exhibit A to the Declaration of Charles I. Poret ("Poret Decl."), dated November 10, 2006.

behalf of a group of noteholders holding the Notes issued by Petrohawk's predecessor-in-interest, KCS Energy. The Trustee sued Petrohawk in Delaware to enforce the noteholders' contractual right to redemption of their Notes at 101% of their face value, which right Petrohawk has not honored. When Petrohawk made an interest payment on the Notes, over 70% of the noteholders directed the Trustee to use a portion of the interest payment to reimburse itself for legal fees incurred and to be reasonably incurred, in connection with the Trustee's suit in Delaware seeking to enforce the noteholders' rights. In a transparent attempt to stall the Trustee's efforts in the Delaware Action, Petrohawk improperly claims, in this Court, entitlement to funds of which it already relinquished ownership.

As a mere litigation tactic, Petrohawk's action in this Court fails as a matter of law because Petrohawk has no standing to seek recovery of these funds. Additionally, as each of the individual causes of action, for conversion, tortious interference and imposition of a constructive trust, merely seek to effectuate Petrohawk's attempt to recover funds to which it is not entitled and to seek relief without any injury, the Complaint fails to state claims upon which relief can be granted. Though the Trustee's conduct with regard to the funds at issue was contractually and legally authorized, this action need not proceed to a debate on the merits as Petrohawk's Complaint should be dismissed as a matter of law.

Therefore, the Trustee respectfully requests that this Court enter an order dismissing the Complaint with prejudice.

### REVIEW OF RELEVANT ALLEGATIONS

The following statement of facts is derived from the allegations of the Complaint, supplemented by documents referenced therein. The Trustee accepts as true the well-pleaded allegations in the Complaint solely for the purposes of proceeding on this motion to dismiss.

possession. To have standing to seek this relief, Petrohawk must establish ownership, which it cannot do as matter of law.

### 2. Petrohawk Did Not Own The Deducted Funds

Petrohawk alleges that it had "ownership, possession, and/or control" after making the October Payment. Compl. ¶ 37. However, this conclusory allegation is directly at odds with the plain terms of the Indenture. The Indenture, including the covenants specifically relied on by Petrohawk, as supported by the law of New York and the leading professional commentary on indenture interpretation, clearly establish that monies held by the Paying Agent — in trust for the Noteholders for the purpose making interest payments to the Noteholder — are not the property of Petrohawk.[5]

Pursuant to the terms of the Indenture, the making of the October Payment to the Paying Agent discharged Petrohawk's semi-annual interest obligation to the Noteholders. Section 4.1 of the Indenture states, in relevant part: "Principal, premium, if any, and *interest* on the Securities *shall be considered paid on the due date* if on such date the Paying Agent holds in accordance with this Indenture money sufficient to pay all principal, premium, if any, and interest then due." Poret Decl., Ex. C (Indenture) at § 4.1 (emphasis added). As Petrohawk alleges in its Complaint, it made the October Payment to the Paying Agent on October 1, 2006, and thereby satisfied its obligations to the Noteholders pursuant to Section 4.1. Compl., ¶ 18.

Once paid by Petrohawk, the October Payment was held by the Paying Agent on behalf of and "in trust" for the Noteholders. Section 2.4 of the Indenture, entitled "Paying Agent To Hold Money in Trust," states in relevant part: "[Petrohawk] shall require each Paying Agent (other than the Trustee) to agree in writing that such Paying Agent shall hold in *trust for the*

---

[5] The Indenture is governed by New York law. *See* Poret Decl., Ex. C (Indenture) at § 11.8.

9

***benefit of the Holders or the Trustee all money held by such Paying Agent for the payment*** of principal, premium, if any, and ***interest*** (if any) on the Securities . . . ." (emphasis added). Section 4.14(b) of the Indenture confirms the creation of this trust arrangement, stating that the payments made by Petrohawk to the Paying Agent, including interest payments are ***"to be held in trust for the benefit of the Holders of the Securities*** entitled to principal of or premium, if any, or ***interest*** . . ." (emphasis added). As Petrohawk expressly recognizes through its allegations in the Complaint, the Indenture establishes a trust on behalf of the Noteholders upon payment to the Paying Agent. Compl., ¶¶ 18, 32 38, 47.

The clear and plain language of these terms unequivocally establishes that after discharging its obligations by making the October Payment to the Paying Agent, Petrohawk relinquished its ownership of the funds and, thereafter, the funds, including the Deducted Funds, were held in trust by the Paying Agent for the benefit of the Noteholders. At the time of the alleged misappropriation, the Indenture dictates that Petrohawk no longer had ownership, control, or possession of the Deducted Funds. Both case law and the leading professional commentary on indentures confirm this conclusion.

This arrangement, whereby the Paying Agent holds the payments in trust for the Noteholders for the specific purpose of paying interest to the Noteholders, forms a valid trust under New York law. *See Rogers Locomotive & Mach. Works v. Kelley*, 88 N.Y. 234, 238-39 (1882) (finding valid trust where funds deposited in bank for exclusive purpose of payment of coupon on bonds); *Brown v. J.P Morgan*, 265 A.D. 631, 635, 40 N.Y.S.2d 229, 233 (1st Dep't 1943) (holding that funds held by fiscal agent and earmarked to redeem to bonds "was a trust fund in the true sense of the term"), *aff'd*, 295 N.Y. 867 (1946); *Ehag Eisenbahnwerte Holding AG v. Banca Nationala A Romanei*, 306 N.Y. 242, 252 (1954) ("a trust may . . . arise upon the