UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

THE BANK OF NEW YORK,

        Plaintiff,

v.

TYCO INTERNATIONAL GROUP S.A., TYCO
INTERNATIONAL LTD., TYCO
INTERNATIONAL FINANCE S.A.,

        Defendants.

------------------------------------- x

07 Civ. 4659 (SAS)

ECF Case

## DECLARATION OF ANDREA GOODRICH IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN INJUNCTION

I, Andrea Goodrich, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am Associate General Counsel of Tyco International Management Company, an indirectly wholly-owned subsidiary of Tyco International Ltd. ("Tyco") that handles various management and administrative functions on behalf of Tyco and its subsidiaries. I submit this declaration in opposition to Plaintiff's motion for an injunction requiring that interest payments be made through the Trustee.

2. Prior to November 15, 2007, Tyco used The Bank of New York ("BNY") as the "paying agent" to make periodic interest payments to the holders of Notes issued under indentures dated June 9, 1998 (the "1998 Indenture") and November 12, 2003 (the "2003 Indenture" and, together with the 1998 Indenture, the "Indentures").

3. That procedure continued even after BNY commenced this action against Tyco in June 2007. Tyco made interest payments via BNY on July 15, 2007, August 15, 2007, October 15, 2007, and November 1, 2007.

4. Several days before November 15, 2007, when the next interest payment was due, Tyco learned of BNY's intention to withhold funds from the interest payment to fund a litigation reserve. Tyco was concerned that if that occurred, Tyco would suffer reputational injuries and be the subject of litigation by beneficial owners who did not receive their full interest payments. Accordingly, Tyco arranged to make interest payments, beginning on November 15, 2007, directly to the registered holder of the Notes, The Depository Trust Company Clearing Corporation (or its nominee, Cede & Co.) (together, "DTC").

5. DTC informed Tyco that BNY then threatened to sue DTC if DTC distributed the full amount of the interest payment to the beneficial owners. Tyco was forced to advance an additional $575,173.85 – the amount that BNY sought to withhold from the November interest payment – to DTC to persuade it to make the distributions that beneficial owners expected.

6. Since that time, Tyco has acted as its own "paying agent" and has made subsequent interest payments, on December 15, 2007, January 15, 2008, and February 15, 2008, directly to DTC.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 31st day of March, 2008.

*(signed)*
Andrea Goodrich

2