# EXHIBIT G

Exhibit 4.4

TYCO INTERNATIONAL GROUP S.A.

TYCO INTERNATIONAL LTD.

SUPPLEMENTAL INDENTURE NO. 3

$500,000,000

7% Notes due 2028

THIS SUPPLEMENTAL INDENTURE NO. 3, dated as of June 9, 1998, among TYCO INTERNATIONAL GROUP S.A., a Luxembourg company (the "Company"), TYCO INTERNATIONAL LTD., a Bermuda company ("Tyco") and THE BANK OF NEW YORK, a New York banking corporation, as trustee (the 'Trustee").

W I T N E S S E T H:
- - - - - - - - - -

WHEREAS, the Company and Tyco have heretofore executed and delivered to the Trustee an Indenture, dated as of June 9, 1998 (the "Indenture"), providing for the issuance from time to time of one or more series of the Company's Securities;

WHEREAS, Article Seven of the Indenture provides for various matters with respect to any series of Securities issued under the Indenture to be established in an indenture supplemental to the Indenture; and

WHEREAS, Section 7.1(e) of the Indenture provides that the Company, Tyco and the Trustee may enter into an indenture supplemental to the Indenture to establish the form or terms of Securities of any series as permitted by Sections 2.1 and 2.4 of the Indenture.

NOW THEREFORE:

In consideration of the premises and the issuance of the series of Securities provided for herein, the Company, Tyco and the Trustee mutually covenant and agree for the equal and proportionate benefit of the respective Holders of the Securities of such series as follows:

ARTICLE ONE

RELATION TO INDENTURE; DEFINITIONS

SECTION 1.1    This Supplemental Indenture No. 3 constitutes an integral part of the Indenture.

SECTION 1.2    For all purposes of this Supplemental Indenture No. 3:

Security register, such record date to be not less than five days preceding the date of payment of such defaulted interest.

SECTION 2.5    PLACE OF PAYMENT.  The place of payment where the Notes may be presented or surrendered for payment, where the principal of and interest and any other payments due on the Notes are payable, where the Notes may be surrendered for registration of transfer or exchange and where notices and demands to and upon the Company in respect of the Notes and the Indenture may be served shall be in the Borough of Manhattan, The City of New York, and the office or agency maintained by the Company for such purpose shall initially be the Corporate Trust Office of the Trustee.

At the option of the Company, interest on the Notes may be paid (i) by check mailed to the address of the Person entitled thereto as such address shall appear in the register of Holders of the Notes or (ii) at the expense of the Company, by wire transfer to an account maintained by the Person entitled thereto as specified in writing to the Trustee by such Person by the applicable record date.

SECTION 2.6    REDEMPTION.  The Notes are redeemable, in whole or in part, at the option of the Company at any time at a redemption price equal to the greater of (i) 100% of the principal amount of such Notes, and (ii) as determined by the Quotation Agent, the sum of the present values of the remaining scheduled payments of principal and interest thereon (not including any portion of such payments of interest accrued as of the date of redemption) discounted to the date of redemption on a semiannual basis (assuming a 360-day year consisting of twelve 30-day months) at the Adjusted Redemption Treasury Rate plus 15 basis points plus, in each case, accrued interest thereon to the date of redemption.

The Notes are also subject to redemption to the extent described in Article Twelve of the Indenture.

The Company shall have no obligation to redeem or purchase the Notes pursuant to any sinking fund or analogous provisions or upon the happening of any specified event or at the option of any Holder of the Notes.

SECTION 2.7    DENOMINATION.  The Notes shall be issued in denominations of $1,000 and integral multiples thereof.

SECTION 2.8    CURRENCY.  Principal and interest on the Notes shall be payable in United States dollars.

SECTION 2.9    NOTES TO BE ISSUED IN GLOBAL FORM; EXCHANGE FOR CERTIFICATED NOTES.  The Notes will be initially represented by one or more Notes in global from (the "Global Note").  The Company hereby designates The Depository Trust Company as the initial Depositary for the Global Note.  The Global Note will be deposited with the Trustee, as custodian for the Depositary.  Unless and until it is exchanged in whole or in part for Notes in certificated form, the Global Note may not be transferred except as a whole by the Depositary to a nominee of the Depositary or by a nominee of the Depositary to the Depositary or another nominee of the

-4-

Depositary or by the Depositary or any such nominee to a successor Depositary for the Notes or a nominee of such successor Depositary. The Depositary may surrender the Global Note in exchange in whole or in part for Notes in certificated form on such terms as are acceptable to the Company and Depositary. The Company may at any time in its sole discretion determine that all or any portion of the Notes shall no longer be represented by a Note or Notes in global form. In such event the Company shall execute, and the Trustee, upon receipt of a written Company order (pursuant to Section 2.5 of the Indenture) for the authentication and delivery of certificated Notes of like tenor, shall authenticate and deliver Notes of like tenor in certificated form, in authorized denominations and in an aggregate principal amount equal to the applicable principal amount of the Global Note, in exchange for such Global Note (or the applicable portion thereof).

SECTION 2.10    FORM OF NOTES.    The Notes shall be substantially in the form attached as Exhibit A hereto.

SECTION 2.11    DEFEASANCE AND COVENANT DEFEASANCE.    The provisions of Article Nine of the Indenture shall apply to the Notes.

ARTICLE THREE

MISCELLANEOUS PROVISIONS

SECTION 3.1    The Indenture, as supplemented and amended by this Supplemental Indenture No. 3, is in all respects hereby adopted, ratified and confirmed.

SECTION 3.2    This Supplemental Indenture No. 3 may be executed in any number of counterparts, each of which when so executed shall be deemed an original; and all such counterparts shall together constitute but one and the same instrument.

SECTION 3.3    THIS SUPPLEMENTAL INDENTURE NO. 3 AND EACH NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK.

Unless this certificate is presented by an authorized representative of The Depository Trust Company, a New York corporation ("DTC"), to the Issuer or its agent for registration of transfer, exchange, or payment, and any certificate issued is registered in the name of Cede & Co. or in such other name as is requested by an authorized representative of DTC (and any payment is made to Cede & Co. or to such other entity as is requested by an authorized representative of DTC), ANY TRANSFER, PLEDGE, OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL inasmuch as the registered owner hereof, Cede & Co., has an interest herein.

Unless and until it is exchanged in whole or in part for Notes in definitive registered form, this Note may not be transferred except as a whole by the Depositary to the nominee of the Depositary or by a nominee of the Depositary to the Depositary or another Depositary or by the Depositary or any such nominee to a successor Depositary or a nominee of such successor Depositary.

TYCO INTERNATIONAL GROUP S.A.

7% NOTE DUE 2028

No.

$                                                                CUSIP: 902118AC2

TYCO INTERNATIONAL GROUP S.A., a Luxembourg company (the "Issuer"), for value received, hereby promises to pay to _____ or registered assigns, the principal sum of _____ DOLLARS on June 15, 2028, at the office or agency of the Issuer in the Borough of Manhattan, The City of New York, in such coin or currency of the United States of America as at the time of payment shall be legal tender for the payment of public and private debts, and to pay semiannually on June 15 and December 15 of each year (each, an "Interest Payment Date"; provided, however, that if an Interest Payment Date would otherwise be a day that is not a Business Day, such Interest Payment Date shall be the next succeeding Business Day but no additional interest shall be paid in respect of such intervening period), commencing December 15, 1998, the amount of interest on said principal sum at said office or agency, in like coin or currency, at the rate per annum specified in the title of this Note, from _____ or from the most recent Interest Payment Date to which interest has been paid or duly provided for until said principal sum has been paid or duly provided for. Interest shall be computed on the basis of a 360-day year consisting of twelve 30-day months. For purposes of this Note, "Business Day" means any day other than a Saturday, a Sunday or a day on which banking institutions in The City of New York are authorized or obligated by law, regulation or executive order to be closed.

The interest payable on any Interest Payment Date which is punctually paid or duly provided for on such Interest Payment Date will be paid to the Person in whose name this Note is

registered at the close of business on the June 1 or December 1 (in each case, whether or not a Business Day), as the case may be (each, a "Regular Record Date"), immediately preceding such Interest Payment Date. Interest payable on this Note which is not punctually paid or duly provided for on any Interest Payment Date therefor shall forthwith cease to be payable to the Person in whose name this Note is registered at the close of business on the Regular Record Date immediately preceding such Interest Payment Date, and such interest shall instead be paid to the Person in whose name this Note is registered at the close of business on the record date established for such payment by notice by or on behalf of the Issuer to the Holders of the Notes mailed by first-class mail not less than 15 days prior to such record date to their last addresses as they shall appear upon the Security register, such record date to be not less than five days preceding the date of payment of such defaulted interest. At the option of the Issuer, interest on the Notes may be paid (i) by check mailed to the address of the Person entitled thereto as such address shall appear in the register of Holders of the Notes or (ii) at the expense of the Issuer, by wire transfer to an account maintained by the Person entitled thereto as specified in writing to the Trustee by such Person by the applicable record date of the Notes.

Reference is made to the further provisions of this Note set forth on the reverse hereof. Such further provisions shall for all purposes have the same effect as though fully set forth at this place.

This Note shall not be valid or become obligatory for any purpose until the certificate of authentication hereon shall have been signed by the Trustee under the Indenture referred to on the reverse hereof.

2